FILED
February 25, 2022
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **D.R., Z.R., A.S.-B., P.B., and L.T.**

**No. 21-0562** (Wood County 19-JA-142, 19-JA-143, 19-JA-144, 19-JA-191, and 19-JA-175)

**&**

*In re* **A.S.-B., W.J., and P.B.**

**No. 21-0600** (Wood County 19-JA-144, 19-JA-176, and 19-JA-191)

**MEMORANDUM DECISION**

On January 6, 2022, this Court issued a rule to show cause in Case Nos. 21-0562 and 21-0600 against Matthew E. DeVore ("Mr. DeVore"), the children's guardian ad litem, for failure to file a respondent's brief or summary response in either appeal.[1] Mr. DeVore was ordered to appear before this Court on February 15, 2022, and show cause, if any he could, why he should not be held in contempt, unless each matter was sooner rendered moot with the filing of a respondent's brief or summary response in accord with the Rules of Appellate Procedure. Mr. DeVore appeared before this Court on February 15, 2022, but did not provide any meaningful information that would purge him of contempt for his inactions as guardian ad litem in these cases.

Based on Mr. DeVore's inactions, this Court holds Mr. DeVore in contempt and imposes the following sanctions: Mr. DeVore is removed as guardian ad litem in these matters and he is denied eligibility for appointment as guardian ad litem and any other court appointments until the Office of Disciplinary Counsel's investigation into these matters arising from this Court's referral, and any resulting disciplinary action, is fully concluded, or until further order of this Court.

Each of these appeals stems from an order of the Circuit Court of Wood County entered on June 16, 2021. In Case No. 21-0562, this Court entered an order on October 1, 2021, granting the petitioner's motion to perfect the appeal out of time and directing the respondents—including Mr. DeVore—to file a respondent's brief or summary response on or before October 18, 2021. Mr. DeVore failed to file a respondent's brief or summary response by this deadline. Accordingly, on November 9, 2021, the Court issued a notice of intent to sanction, directing Mr. DeVore to file a

---

[1] This memorandum decision does not address the merits of the abuse and neglect appeals. It addresses only the two rules to show cause against Mr. DeVore, the guardian ad litem for the children who are the subject of these appeals.

1

respondent's brief or summary response that fully complies with the Rules of Appellate Procedure on or before November 24, 2021, and a motion setting forth good cause for failing to file a timely brief.

In Case No. 21-0600, this Court entered an order on November 2, 2021, granting the petitioner's motion to perfect the appeal out of time and directing the respondents—including Mr. DeVore—to file a respondent's brief or summary response on or before November 12, 2021. Mr. DeVore failed to file a respondent's brief or summary response by this deadline. Accordingly, on December 9, 2021, the Court issued a notice of intent to sanction, directing Mr. DeVore to file a respondent's brief or summary response that fully complies with the Rules of Appellate Procedure on or before December 20, 2021, and a motion setting forth good cause for failing to file a timely brief.

Mr. DeVore did not file a respondent's brief or summary response in the time period set forth in the notice of intent to sanction in either of these two appeals. Accordingly, on January 6, 2022, this court issued a rule to show cause in contempt against Mr. DeVore in each of these appeals for failure to timely file a respondent's brief or summary response. The Court directed Mr. DeVore to appear before it at 12:00 p.m. on Tuesday, February 15, 2022, and show cause, if any he could, as to why he should not be held in contempt. In each appeal, the Court also informed Mr. DeVore that he could render the contempt action moot by filing a respondent's brief or summary response fully compliant with the Rules of Appellate Procedure prior to the show cause proceeding.[2] Additionally, the Court directed that Mr. DeVore be referred to the Office of Disciplinary Counsel for failing to file a respondent's brief or summary response on behalf of the children.[3]

On February 14, 2022, one day prior to oral argument on the rules to show cause, for each appeal Mr. DeVore submitted to the Court a summary response, a motion to file out of time, a motion to file by electronic mail, and a motion to file within forty-eight hours of oral argument. Mr. DeVore indicated in his motions that his summary responses were not timely filed because he had been experiencing ongoing chronic health problems for at least a year. Mr. DeVore then appeared before the Court the following day at the scheduled time.

Having reviewed Mr. DeVore's motions and having heard his oral argument in this matter, the Court finds that Mr. DeVore failed to provide sufficient justification for filing the summary

---

[2] Rule 38(f) of the Rules of Appellate Procedure provides that "[n]o documents shall be filed less than forty-eight hours prior to a scheduled argument in a proceeding unless specifically requested by the Court."

[3] By referring this matter to the Office of Disciplinary counsel, this Court expresses no opinion regarding the initiation of a disciplinary proceeding. The Court likewise expresses no opinion regarding the resolution of any such proceeding that may be initiated.

responses in an untimely manner.[4] Having considered Mr. DeVore's conduct, as set forth above, this Court finds him in contempt.[5] Accordingly, this Court orders that Mr. DeVore is held in contempt for his violations of court orders and the Rules of Appellate Procedure. Mr. DeVore is denied eligibility for appointment as guardian ad litem and any other court appointments until the Office of Disciplinary Counsel's investigation into this matter, and any resulting disciplinary action, is fully concluded, or until further order of this Court. Additionally, Mr. DeVore is removed as guardian ad litem in these appeals. The Clerk of this Court is directed to provide notice of this sanction to the circuit court in each county where Mr. DeVore routinely practices. The Clerk of this Court is also directed to transmit a copy of all the pleadings Mr. DeVore filed in each of these appeals, as well as a copy of this memorandum decision, to the Office of Disciplinary Counsel. The Clerk is further directed to issue the mandate in this action forthwith.

Sanctions imposed.

**ISSUED:** February 25, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment[6]

---

[4] Notwithstanding the Court's findings with respect to this contempt matter, the summary responses in the underlying abuse and neglect cases are ordered filed. The Court acknowledges that a guardian ad litem's response is essential to the Court's consideration of an abuse and neglect appeal. *See* W. Va. R. App. P. 11(h).

[5] In addition to these two appeals, in the past year this Court has issued notices of intent to sanction against Mr. DeVore in Case Nos. 20-0987, 21-0242, 21-0241, and 21-0436. This Court also issued a notice of intent to sanction and a rule to show cause against Mr. DeVore in Case No. 20-0246 for failure to timely perfect the appeal. In that appeal, the rule to show cause was dismissed after Mr. DeVore submitted a motion to file within forty-eight hours of oral argument, a motion to file by electronic mail, and the petitioner's brief and appendix the day before oral argument was scheduled on the rule to show cause.

[6] Pursuant to an administrative order entered by this Court on February 7, 2022, the Honorable Alan D. Moats, Judge of the Nineteenth Judicial Circuit, was assigned to sit as a member of the Supreme Court of Appeals of West Virginia commencing February 7, 2022, due to the resignation of Justice Evan H. Jenkins, effective February 6, 2022.